**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-11-65-2 |
| | § | |
| DOMINGO ROLANDO RAMIREZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER**

On February 25, 2013, the Clerk's office received Defendant Domingo Rolando Ramirez' Motion to Alter or Amend Judgment Pursuant to Rule 59 challenging the denial of his motion pursuant to 28 U.S.C. § 2255. D.E. 73.

Ramirez pled guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana pursuant to a plea agreement with the government that included a waiver of his right of appeal and his right to file a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. D.E. 27. Ramirez was sentenced to 60 months imprisonment. D.E. 41. He did not appeal, but filed a § 2255 motion. D.E. 68. This Court found Ramirez' waiver to be enforceable and denied Ramirez' § 2255 motion by Order dated February 12, 2013, and final judgment of the same date. D.E. 71, 72. Ramirez seeks to set aside this Court's previous Order for the following reasons, 1) the government's breach of the plea agreement relieved him of his waiver of the right to collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255 and 2) this Court erred by failing to hold an evidentiary hearing regarding discrepancies in the weight of the drugs he pled guilty to possessing with intent to distribute. D.E. 73 at 2, 3.

1

## A.  Federal Rule of Civil Procedure 59(e)

Ramirez filed his motion to alter or amend judgment less than 28 days after the final judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2012).

To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; or 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

## B.  Second or Successive Motions

In many instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Williams v. Thaler, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive). The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the

writ." United States v. Orozco–Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted). The Orozco–Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion. Id. at 869.

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**C.     Analysis**

Ramirez claims that his waiver of the right to file a § 2255 motion to vacate is not enforceable because the government breached the plea agreement. He claims that the government breached its implied promise that appeal or collateral challenge would be unnecessary. Ramirez notes that he raised the issue in his original Reply. D.E. 75 at 2. Ramirez' reply raised several contract law theories about why his plea agreement should not be enforced,

including a claim that the government breached the plea agreement based on its implied representation that appeal or collateral attack would be unnecessary. D.E. 68 at 3 ("I was made to understand that neither appeal or collateral attack would be necessary . . .").

Because Ramirez raised his breach of contract/breach of plea agreement claim in the previous § 2255 proceedings, it must now be considered a second or successive § 2255 claim for which Ramirez is required to obtain authorization from the Fifth Circuit Court of Appeals. See Gonzalez, 545 U.S. at 530. Because he has not done so, the claim must be dismissed. Id.

"[W]hen a post-judgment motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion does not assert a 'claim' that would force a court to construe it as a second or successive habeas petition." Williams, 602 F.3d at 305. Ramirez' second claim that this Court should have held an evidentiary hearing before deciding his motion challenges the process by which the Court decided his claims and is therefore, not a second or successive claim.

This Court found that Ramirez waived his right to file his motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255 and denied his claims on that basis. D.E. 71 at 11. Although the Court recognized the weight discrepancy pointed out by Ramirez in his § 2255 motion, Ramirez' claim that the Court should have held an evidentiary hearing on the weight discrepancy is without merit because such a hearing would not shed any light on the voluntariness of his waivers which was the dispositive issue.[1] The record before the Court was sufficient to establish that Ramirez knowingly and voluntarily waived his right to collaterally

---

[1] A hearing in a § 2255 proceeding is necessary only when the court finds both issues in the two-part test. "[I]f the record as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claims for § 2255 relief," and "if the movant would be entitled to post conviction relief as a legal matter if his factual allegations are true." Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979). The disputed factual issue here, the weight of the drugs, even if established to be what Ramirez claims,

4

attack the judgment. Because Ramirez' waiver was enforceable, the Court was not required to consider the merits of Ramirez' motion.

**D.       Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). An appeal from the denial of a motion to amend or alter judgment requires a certificate of appealability in all but very narrow circumstances. Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) ("We therefore hold that . . .a COA is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); Williams v. Quarterman, 293 Fed. App'x. 298 at *16 (5th Cir., Sept. 19, 2008) (per curiam) (designated unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion."). Although Ramirez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim

---

would not entitle him to post-conviction relief because he waived his right to seek such relief.

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The Court finds that Ramirez cannot establish at least one of the <u>Slack</u> criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

Ramirez' motion to alter or amend judgment pursuant to Rule 59 (D.E. 75) is **DENIED** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 6th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE